**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4495**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

COREY J. HACKETT,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CR-01-140)

---

Submitted:  November 2, 2005        Decided:  November 16, 2005

---

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Frank W. Dunham, Jr., Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Matthew C. Ackley, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Corey J. Hackett appeals the district court's order revoking his supervised release and sentencing him to twenty-four months' imprisonment following repeated violations of his supervised release. On appeal, Hackett claims the sentence imposed on revocation is unreasonable and that the standard for sentences on revocation has been modified by the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Finding no support for these claims, we affirm.

The provision of the Sentencing Reform Act that governs supervised release was not affected by Booker. See Booker, 125 S. Ct. at 764-68. The change effected by Booker--making the Sentencing Guidelines advisory as to sentencing--was not a change in the manner in which the Guidelines were applied to revocations of supervised release pre-Booker. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) ("Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."). Accordingly, we reject Hackett's contention that sentences imposed on revocation are subject to an altered scrutiny on appeal in light of Booker.

Hackett also claims that the district court's imposition of a twenty-four month term of imprisonment was unwarranted. We disagree. We review a district court's revocation of supervised

- 2 -

release and resultant sentence for an abuse of discretion.  See Davis, 53 F.3d at 642-43.  Hackett had a lengthy criminal history and had engaged in a rapid succession of similar criminal infractions in blatant disregard of the law.  Under these circumstances, we cannot conclude that the district court abused its discretion in revoking Hackett's supervised release.

We affirm the order of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED